IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DORIS WOOD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | 1:22-cv-00452 |
| PILOT TRAVEL CENTERS, LLC, | § | |
| | § | |
| Defendants. | § | |

---

## INDEX

---

1.  2022.09.20    Plaintiff's Original Petition and Rule 193.7 Notice

2.  2022.09.21    Service of Process Notification

3.  2022.10.14    Defendant's Original Answer

# TAB 1

FILED: 9/20/2022 10:56 AM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 68423626
Reviewed By: Justin Rhodes

220399-C

CAUSE NO: _____

| | | |
|---|---|---|
| DORIS WOOD | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | ORANGE COUNTY, TEXAS |
| | § | 260th |
| PILOT TRAVEL CENTERS, LLC | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, AND RULE 193.7 NOTICE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DORIS WOOD, hereinafter styled Plaintiff, complaining of PILOT TRAVEL CENTERS, LLC, hereinafter styled Defendant, and for cause of action against said Defendant would respectfully show the Court as follows:

I.

Plaintiff designates that discovery in this cause of action shall be governed by Rule 190 of the Texas Rules of Civil Procedure, Level Two (2).

II.

Pursuant to Texas Rule of Civil Procedure 47(b), Plaintiff DORIS WOOD, seeks monetary relief in an amount over $250,000 but not more than $1,000,000.

III.

Plaintiff resides in Bridge City, Orange County, Texas.  Pursuant to CPRC §30.014(2), the last three digits of Plaintiff's social security number are 478.

IV.

Defendant, PILOT TRAVEL CENTERS, LLC, is a corporation, company, partnership, proprietorship or some such business entity.  That said Defendant does business in the state of Texas and from time to time within the jurisdiction of this Honorable Court; that said Defendant

1

may be served with process by serving its agent for service, C. T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

**SERVICE IS REQUESTED AT THIS TIME.**

Plaintiff invokes Rule 28 of the Texas Rules of Civil Procedure, as appropriate.

V.

On or about March 20, 2021, in Orange County, Texas, Plaintiff, DORIS WOOD, was an invitee of Defendant PILOT TRAVEL CENTERS, LLC,  at 2205 Highway 62, Orange, Texas 77630.  Plaintiff had parked and exited her vehicle when she fell over an unmarked curb.  There were no warning signs in the area to warn of the dangerous condition   The fall resulted in the injuries and damages complained of herein.

VI.

On the occasion in question the Defendant was guilty of various acts, wrongs and omissions.   Each and all constituted negligence and such negligence was a proximate cause of the injuries and damages of which Plaintiff complains.

In the alternative, Plaintiff would show that the Defendant owed a duty to the general public, including Plaintiff DORIS WOOD, to use ordinary care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to warn of their existence.

Plaintiff would show that the Defendant owed a duty to the general public, including Plaintiff, to use ordinary care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to warn of their existence.

2

Because Plaintiff was an invitee at the time of the injury, the Defendant owed her a duty to exercise ordinary care to keep the premises in a reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers. Defendant's conduct and that of their agents, servants and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed by Defendant to Plaintiff. The Defendant knew or should have known the conditions in its parking area created an unreasonable risk of harm to invitees, in that Defendant knew or should have known of the danger of customers falling due to the deteriorated condition of the parking lot. The Defendant knew this condition caused an unreasonable risk of harm to persons such as the Plaintiff who would be utilizing the parking lot. The Defendant failed to exercise ordinary care to reduce or eliminate this risk, or warn invitees regarding it.   Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages as described below.

VII.

As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff, DORIS WOOD,   has suffered with severe pain and injury to her head, neck, chest, back, and bilateral knees.   Plaintiff's injuries included an acute medial meniscal tear of the left knee, requiring operative intervention.   Plaintiff suffered with soreness, stiffness, bruising, and scarring to the body in general. That because of such injuries she has suffered the following:

A.     Reasonable and necessary medical expense – past

B.     Reasonable and necessary medical expense – future

C.     Loss of earnings and earning capacity – past

D.     Loss of earning capacity – future

3

E.    Physical impairment – past

F.    Physical impairment - future

G.    Physical pain – past

H.    Physical pain – future

I.    Mental anguish – past

J.    Mental anguish – future

K.    Disfigurement

In this connection, Plaintiff would show the Court the damages sought are within the jurisdictional limits of this Honorable Court, for which she sues the Defendant herein.

VIII.

Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the first answer, the information or material described in Rule 194.2(b) 1-12.  Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

IX.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced by Defendant may be used against Defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

X.

Plaintiff, DORIS WOOD, says if in the event she had pre-existing conditions in her body prior to this incident that such conditions were painless and symptom-free, but because of the

4

injuries he suffered in this incident, such conditions were lighted up, aggravated and precipitated.

WHEREFORE, premises considered, Plaintiff prays that the Defendant be cited to appear and answer herein; that upon a trial of this cause that Plaintiff has and recovers of and from the Defendant judgment for the damages as may be deemed just and fair by the Court, that she has such judgment, together with all legal interest, including pre-judgment interest, costs of suit and for other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

BY: /S/JONATHAN C. JUHAN
JONATHAN C. JUHAN
SBN:  11047225
jonathanjuhan@sbcglobal.net
TRACY L. HENDERSON
SBN: 24103115
tracy.juhanlaw@gmail.com
985 I-10 North, Suite 100
Beaumont, Texas 77706
409/832-8877 - Telephone
409/924-8880 - Facsimile

ATTORNEYS FOR PLAINTIFF

5

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nita Walden on behalf of Jonathan Juhan
Bar No. 11047225
nwalden.juhanlaw@ymail.com
Envelope ID: 68423626
Status as of 9/20/2022 11:14 AM CST
Associated Case Party: DORIS WOOD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nita Walden | | nwalden.juhanlaw@ymail.com | 9/20/2022 10:56:52 AM | SENT |
| Jonathan C. Juhan | | jonathanjuhan@sbcglobal.net | 9/20/2022 10:56:52 AM | SENT |
| Tracy L.Henderson | | tracy.juhanlaw@gmail.com | 9/20/2022 10:56:52 AM | SENT |

# TAB 2



**CT Corporation**
**Service of Process Notification**
09/21/2022
CT Log Number 542351654

## Service of Process Transmittal Summary

**TO:**     Kristin Seabrook, General Counsel
Pilot Flying J
5508 Lonas Dr
Knoxville, TN 37909-3221

**RE:**     **Process Served in Texas**

**FOR:**    Pilot Travel Centers LLC  (Domestic State: DE)


**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: DORIS WOOD // To: Pilot Travel Centers LLC |
| **CASE #:** | 220399C |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/21/2022 at 15:09 |
| **JURISDICTION SERVED:** | Texas |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Kristin Seabrook  Kristin.Seabrook@pilottravelcenters.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 1999 Bryan Street |
| | Suite 900 |
| | Dallas, TX 75201 |
| | 866-401-8252 |
| | EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                           Wed, Sep 21, 2022
**Server Name:**                                    Anthony Collins

| Entity Served | PILOT TRAVEL CENTERS LLC |
|---|---|
| Case Number | 220399-c |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |



CIVIL CITATION - CITCVWD

### THE STATE OF TEXAS

**To:**   **Pilot Travel Centers, LLC**
**RA: CT Corporation System,**
**1999 Bryan St. Suite 900**
**Dallas, TX 75201-3136**

Defendant, **NOTICE:**

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A. M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Said **ANSWER** may be filed at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave. Ste. 106, Orange, TX 77630

In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Said    **PLAINTIFF'S ORIGINAL PETITION**

was filed and docketed in the Honorable 260th District Court of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave, Ste. 106 Orange, Texas on 20th day of September, 2022 in the following styled and numbered cause:

**Cause No: 220399-C**

**Doris Wood Vs. Pilot Travel Centers, LLC**

The name and address of the attorney for plaintiff otherwise the address of Plaintiff is:
**Jonathan C Juhan**
**985 I-10 North, Suite 100**
**Beaumont TX 77706**
**ISSUED AND GIVEN** under my hand and seal of said Court at Orange, Texas, this September 20th, 2022.



**VICKIE EDGERLY, District Clerk**
Orange County, Texas

*Vickie Edgerly*

---

### RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____, M and executed in _____County, Texas, at _____ o'clock ____.M on the _____ day of _____, 20___, by delivering, in accordance with the requirements of law, to the within named _____ _____In person, a true copy of this citation together with the accompanying copy of the petition, having first endorsed thereon the date of delivery.

And not executed as to the defendant _____
the diligence used to execute being _____
the cause of failure to execute is _____
the defendant may be found _____

TOTAL FEES: _____     BY: _____

# TAB 3

FILED: 10/14/2022 1:53 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 69238199
Reviewed By: Maria Hernandez

CAUSE NO. 220399-C

| | | |
|---|---|---|
| DORIS WOOD, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 260TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| PILOT TRAVEL CENTERS, LLC, | § | |
| | § | |
| Defendant. | § | ORANGE COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Pilot Travel Centers, LLC ("Defendant"), and files this its Original Answer to the Original Petition filed by Plaintiff Doris Wood ("Plaintiff"). In support thereof, Defendant would show unto the Court as follows:

## I.
## GENERAL DENIAL

1.      Defendant generally denies each and every material allegation contained in Plaintiff's Original Petition and demands that Plaintiff prove Plaintiff's allegations by a preponderance of the evidence, if Plaintiff is able to do so.

## II.
## AFFIRMATIVE DEFENSES AND OTHER PLEAS

2.      Defendant owed no duty to Plaintiff because the alleged condition was open and obvious and/or was already known to Plaintiff before Plaintiff's alleged fall. S*ee Austin v. Kroger Texas, LP*, 465 S.W.3d 193 (Tex. 2015).

3.      Defendant would further show that it is not liable to Plaintiff because Defendant's acts/omissions, if any, did no more than furnish a condition that merely made Plaintiff's injuries possible.

4.      Defendant would further show that Plaintiff was negligent, and such negligence on the part of the Plaintiff proximately caused or contributed to the accident and the Plaintiff's damages, if any. Specifically, Plaintiff failed to keep a proper lookout for Plaintiff's surroundings, ignored obvious warning signs, and/or voluntarily encountered an open and obvious condition.

5.      Defendant would further show that it intends to rely upon §41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, which limits recovery of medical expenses to those actually paid and incurred.

6.      Defendant would further show that, in the unlikely event that there is a judgment or that a party becomes a settling person, Defendant intends to rely upon the provisions of Chapters 32 and 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE regarding, among other things, determining credits and/or percentage findings of fault of the parties, reduction of the jury verdict, if any, by the percentage of fault attributed to the Plaintiff, the bar for recovery by Plaintiff if the percentage of responsibility assessed to Plaintiff exceeds 50%, a reduction for any settlement credits, and the allocation of responsibility to any settling person or Responsible Third Party.

7.      Defendant would further show that in the unlikely event that a judgment is entered against it, any pre-judgment interest recoverable in the case should be limited in accordance with § 304.101, et. seq., TEXAS FINANCE CODE, and § 41.007, TEXAS CIVIL PRACTICE & REMEDIES CODE.

8.      Defendant would further show that Plaintiff may not recover for lost earnings, lost earning capacity, or loss of pecuniary value except as presented in the form of a net loss after reduction for income tax payments or unpaid tax liability in accordance with TEXAS CIVIL PRACTICE & REMEDIES CODE § 18.091.

9.      Defendant would further show that Plaintiff's alleged injuries, if any, were the result of a pre-existing medical condition and/or an injury sustained after the incident made the basis of this suit.

## III.
## RULE 193.7 NOTICE

10.      Pursuant to TEX. R. CIV. P. 193.7, Defendant hereby gives actual notice that it intends to use any and all documents produced in this matter by any party in pretrial proceedings and/or trial.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff take and recover nothing by her action herein and that Defendant recover its costs, and for such other and further relief, both at law and in equity, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

/s/ Michael B. Jones
Michael B. Jones, SBN 24002375
MJones@CanterburyLaw.com
Kaitlyn M. McClaine, State Bar No. 24126196
KMcClaine@CanterburyLaw.com

CANTERBURY, PC

4851 LBJ Freeway, Suite 301
Dallas, Texas   75244
(972) 239-7493
(972) 490-7739 - Fax

ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing instrument and each attachment thereto was served upon the following attorneys of record and all parties not represented in the above cause in accordance with Rule 21a, Texas Rules of Civil Procedure, on this the 14th day of October, 2022.

Jonathan C. Juhan
jonathanjuhan@sbcglobal.net
Tracy L. Henderson
tracy.juhanlaw@gmail.com
JUHAN LAW
985 I-10 North, Suite 100
Beaumont, Texas 77706
409/832-8877 - Telephone
409/924-8880 - Facsimile
*Counsel for Plaintiff*

/s/ Michael B. Jones_____
Michael B. Jones

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Susan Horton on behalf of Mike Jones
Bar No. 24002375
SHorton@CanterburyLaw.Com
Envelope ID: 69238199
Status as of 10/14/2022 2:13 PM CST
Associated Case Party: DORIS WOOD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nita Walden | | nwalden.juhanlaw@ymail.com | 10/14/2022 1:53:25 PM | SENT |
| Jonathan C. Juhan | | jonathanjuhan@sbcglobal.net | 10/14/2022 1:53:25 PM | SENT |
| Tracy L.Henderson | | tracy.juhanlaw@gmail.com | 10/14/2022 1:53:25 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Susan Horton on behalf of Mike Jones
Bar No. 24002375
SHorton@CanterburyLaw.Com
Envelope ID: 69238199
Status as of 10/14/2022 2:13 PM CST
Associated Case Party: PILOT TRAVEL CENTERS, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael BJones | | mjones@canterburylaw.com | 10/14/2022 1:53:25 PM | SENT |
| Gina Farris | | GFarris@CanterburyLaw.Com | 10/14/2022 1:53:25 PM | SENT |
| Susan Horton | | shorton@canterburylaw.com | 10/14/2022 1:53:25 PM | SENT |
| Kaity McClaine | | KMcClaine@CanterburyLaw.Com | 10/14/2022 1:53:25 PM | SENT |